EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ MANUEL MONSANTO, acusado y apelante.

*Número:* CR-67-28     *Resuelto:* 5 de diciembre de 1967

---

*Edna Abruña Rodríguez, E. Armstrong de Watlington* y *Enrique Miranda Merced,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue acusado de hurto mayor y convicto de hurto menor. En apelación señala que la Sala sentenciadora erró (1) al no permitir que el abogado de la defensa conferenciara libremente con los testigos de defensa; y (2) al no estimar que el Pueblo tenía que mostrar las piezas descritas por sus testigos y alegadamente ocupadas al acusado.

En lo que respecta al primer error este Tribunal, en el caso de *Hoyos Gómez* v. *Tribunal Superior,* 90 D.P.R. 201 (1964), se manifestó sobre el derecho de la defensa al examen de testigos y estableció ciertas normas. En el caso de *Hoyos Gómez* se trataba del examen de los testigos de cargo.

El récord en el caso de autos demuestra que después de declarar los dos principales testigos de cargo el tribunal recesó desde la tarde de un viernes hasta el próximo martes. Dio al jurado las instrucciones de rigor y advirtió a los testigos que tenían la obligación de informarle al tribunal sobre cualquier persona que se acercara a ellos para hablarles en relación al testimonio que prestarían en el caso. (T.E.

pág. 50.) Preguntó la defensa si eso incluía al abogado, a lo que contestó el juez que hasta tanto los testigos volvieran a estar presentes y bajo las órdenes del tribunal el martes, si el abogado necesitaba algún tiempo para entrevistarse con ellos el tribunal le concedería el tiempo necesario, pero que ahora debería reconocer que debían continuar bajo órdenes del tribunal por la pureza de los procedimientos. Siguió un amplio diálogo entre el juez y la defensa en que una y otra vez el juez reiteró al abogado que le daría amplia oportunidad de entrevistarse con los testigos una vez el tribunal reanudara la sesión.

■ Después de haber comenzado a desfilar la prueba en un caso y de estar los testigos de una y otra parte juramentados y bajo las reglas del tribunal, el juez tiene una amplísima discreción para tomar aquellas providencias que crea apropiadas relacionadas con el proceso. Con tal discreción no vamos a intervenir salvo que la situación fuese de tal naturaleza irrazonable o arbitraria que diera lugar a un juicio injusto no imparcial. El abogado consideró la situación como una de falta de confianza en la relación que debe existir entre el juez y el abogado. Por el récord tenemos la certeza que esa no era la posición del magistrado. Por el récord, también estamos convencidos que la orden de la Sala sentenciadora con respecto a los testigos durante el largo receso no obstaculizó la defensa del apelante, ni le creó un juicio injusto no imparcial.

■ En lo que respecta al segundo error señalado, no tiene razón el apelante. El delito de hurto no requiere necesariamente la presentación del objeto hurtado como un ingrediente de convicción. En este caso hubo prueba de testigos oculares en el sentido de que el apelante le sacó las piezas interiores a un automóvil que antes había sido hurtado a su dueño; se llevó esas piezas en otro vehículo y al otro día las tenía en su posesión y en el acto de venderlas cuando fue

sorprendido por la policía. Entre estas piezas estaban la transmisión del vehículo, la bomba del agua y el radiador. El dueño del vehículo hurtado y de las piezas las identificó debidamente en presencia de la policía. La transmisión, porque tenía unas marcas y ranuras especiales que hubo que hacerle para ajustarla a su vehículo; la bomba de agua por el color de su pintura y el radiador por ciertas soldaduras en determinados sitios. Así identificadas la policía devolvió estas piezas a su dueño, quien luego dispuso de ellas.

■ Quizás no deba ser la mejor práctica que objetos relacionados con la comisión de delito y que pueden ser parte de la evidencia en el proceso sean devueltos por la policía antes de que se disponga del asunto. En aquellas situaciones en que fuere de rigor la devolución debería hacerse por orden judicial y bajo aquellas medidas que permitan una debida descripción e identificación de los objetos, y que no perjudiquen los derechos de las partes.

■ Según el récord ante nos las piezas hurtadas fueron debidamente identificadas. Su presentación en evidencia hubiera servido a lo sumo para constatar la credibilidad del perjudicado en cuanto a la existencia de aquellas marcas especiales que declaró que tenían dichos objetos. Tomada la prueba en conjunto, aun sin la presentación en evidencia de los referidos objetos hurtados, la misma fue suficiente para, creída por el jurado, sostener la convicción.

*Se confirmará la sentencia apelada.*

El Juez Asociado Señor Belaval no intervino.